IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CHRISTOPHER W. HONOR | : | CASE NO.: 5:20-bk-00289-RNO |
| | : | |
| DEBTOR | : | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS
DEBTOR'S CHAPTER 7 CASE
PURSUANT TO 11 U.S.C. §§ 707 (b)(2), AND/OR (b)(3)**

NOW COMES the United States Trustee ("UST"), through undersigned counsel, and respectfully moves this Honorable Court to enter an order dismissing Debtor's Chapter 7 case pursuant to 11 U.S. C. §§ 707(b)(2), and/or (b)(3), and in support thereof, states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, § 157(a) and (b)(1) and 1334(a) and (b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(a), (b)(1) and (2)(A). Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for this motion are 11 U.S.C. §§ 105, and 707. The United States Trustee has standing pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

2. On January 29, 2020, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). (Docket Entry Number[1] 1).

3. Debtor indicated that his debts are primarily consumer in nature in response to question number 16 on their bankruptcy petition. After reviewing Debtor's Schedules, Statements and Forms, the UST agrees with the Debtor's conclusion.

4. Debtor is represented by Attorney Ronald V. Santora.

5. John J. Martin, Esquire, serves as the Chapter 7 Trustee in the instant matter.

---

[1] Hereinafter "Doc. No."

6. Debtor's Meeting of Creditors, as required by Title 11 U.S.C. § 341, was completed on March 4, 2020. *See* Doc. Nos. 3, 21.

7. On March 16, 2020, the UST filed a Statement and Notice of Presumed Abuse. Doc. No. 25.

8. Accordingly, the bar date for the UST to bring a motion under 11 U.S.C. § 707(b)(2), is, April 15, 2020.

9. The bar date for the UST to bring a motion to dismiss under 11 U.S.C. § 707(b)(3), is May 3, 2020. Doc. No. 3.

10. The UST, through counsel, and the Debtor, through counsel, have discussed this matter in detail and after those discussions, Debtor has decided to convert the instant case to a proceeding under Chapter 13.

11. As the motion to convert has not yet been filed, it appears the case will not be converted prior to the UST's deadline for action under Sections 707(b)(2). Accordingly, the instant motion is being filed to comply with the requirements of 11 U.S.C. § 704(b)(2).

12. As noted above, Debtor, through his counsel, and counsel for the UST have discussed this matter and, as the Debtor will be filing a motion to convert this case, the UST is filing concomitantly with this motion, a stipulation to: (1) hold this motion in abeyance pending the completion of the Debtor's Chapter 13 case or the reconversion of the case to a proceeding under Chapter 7, and (2) allow the UST leave to amend this motion to should the case convert back to a proceeding under Chapter 7.

### Cause to Dismiss Case Pursuant to 11 U.S.C. §§ 707(b)(2)

13. The UST posits that Debtor's Form 122A-2 inaccurately reports that the presumption of abuse does not arises in this case.

14. More specifically, the UST posits that Debtor, *inter alia,* improperly deducted retirement loan repayment amounts from his income on the Form 122A-2 and that once the improper deduction is excluded from the Form 122A-2 calculations, the presumption of abuse will arise in the instant case.

15. Once the presumption of abuse arises, the Debtor may only rebut same by demonstrating special circumstances, "such as a serious medical condition or a call or order to active duty in the Armed Forces." 11 U.S.C. § 707(b)(2)(B)(i).

16. The UST inquired about any special circumstances which would rebut the presumption of abuse, but does not believe that the Debtor will be able to rebut the presumption of abuse in the instant case and that it should be dismissed as abusive.

### Cause to Dismiss Case Pursuant to 11 U.S.C. §§ 707(b)(3)

17. Alternatively, the UST advances that, under the totality of the circumstances, the instant case could be dismissed as abusive pursuant to 11 U.S.C. § 707(b)(3).

### Conclusion

18. For all of the above reasons, the UST posits that the granting of a Chapter 7 discharge in this case would represent an abuse of the Bankruptcy Code.

*(rest of page intentionally blank)*

WHEREFORE, the United States Trustee respectfully requests the Court issue an Order dismissing the instant case under the provisions of Sections 707(b)(2), and/or (b)(3) of the Bankruptcy Code and impose any other sanction the Court deems appropriate.

Respectfully submitted,

ANDREW R. VARA
UNITED STATES TRUSTEE
REGIONS 3 & 9

By: /s/ D. Troy Sellars
D. Troy Sellars, Esq.
Trial Attorney
Office of the United States Trustee
228 Walnut Street, Suite 1190
Harrisburg, PA 17101
Tel. (717) 221-4515 / Fax (717) 221-4554
Email: D.Troy.Sellars@usdoj.gov

Dated: April 14, 2020